UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES HOOD, : | |
|        **Petitioner** : | CIVIL ACTION NO. 3:18-1807 |
|        **v.** : | (JUDGE MANNION) |
| Warden Capt. SPAULDING, : | |
|        **Respondent** : | |

**MEMORANDUM**

**I.   Procedural Background**

Petitioner Charles Hood, a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), presently confined at the Allenwood Federal Correctional Institution (FCI-Allenwood), White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges his 1991 criminal conviction imposed by the Superior Court of the District of Columbia for armed first-degree murder, first degree burglary, armed mayhem and armed burglary of a senior citizen. (Doc. 1, petition). Specifically, he claims that he is actually and factually innocent of the offenses for which he was convicted in 1991 because two subpoenaed witnesses who were present at or near the scene of the crime were excused from his trial and were not called by either the government or the defense to

testify. Id. He further claims that the trial court improperly denied relief under the Innocence Protection Act (IPA) based on post-conviction DNA testing which he claims revealed the FBI's testimony about evidence in the case was false. Id. The victim's death in the hospital by pulmonary embolism eleven days after the attack was improperly attributed to the attack. Id.

This petition is nearly identical to, and indeed some pages are photocopies of pages contained in Hood's prior petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, filed in this Court on November 18, 2016. See Hood v. Spaulding, No. 3:16-CV-2326, Doc. 1 (M.D. Pa., Nov. 18, 2016). In that case, although Hood was confined within the Middle District of Pennsylvania, the late Honorable William J. Nealon transferred the petition to the United States District Court for the District of Columbia for the convenience of the parties. See Hood v. Spaulding, No. 3:16-CV-2326, Doc. 5 (M.D. Pa. Nov. 22, 2016). That court denied the petition for lack of jurisdiction. See Hood v. Spaulding, No. 17-cv-195, Docs. 10-11 (D.D.C. Apr. 3, 2017). The United States Court of Appeals for the District of Columbia denied a certificate of appealability and dismissed his appeal on February 9, 2018. See Hood v. Spaulding, No. 17-5213 (D.C. Cir. Feb, 9, 2018). Petitioner once again seeks to litigate his claims in this Court.

The petition is ripe for disposition, and for the reasons that follow, the Court will dismiss Hood's petition for writ of habeas corpus for lack of jurisdiction.

## II. Factual Background

The factual background of Petitioner's conviction has been set forth by the United States Court of Appeals for the District of Columbia, in their September 15, 2018 Opinion, as follows:

> On May 18, 1989, Helen Chappelle, who had dementia, stood on her front porch hollering that she had been robbed. Neighbors saw Hood walk up the sidewalk with a woman, and they heard the woman tell Hood that "people took Ms. Chappelle's hollering as a joke." With neighbors watching, Hood ran into the house, ran past Ms. Chappelle on the porch, entered the house and ran up the steps to the second floor. Ms. Chappelle followed Hood inside. The neighbors "heard sounds of a struggle and Ms. Chappelle yelling. Her yells turned to what sounded like screams of pain which continued for several minutes. Then there was silence." Neighbors watched the house and observed that no one entered or exited it until police arrived.
>
> When officers arrived, they saw Hood walk down the stairs to the front door. Hood falsely stated he was Ms. Chappelle's nephew and led the police to the kitchen where he seemingly searched for identification. Officers lost sight of Hood momentarily when he walked past the refrigerator. After he was unable to provide identification and officers observed that he had four cans of "potted meat" in his pants pockets, officers became suspicious. The officers went upstairs and found Ms. Chappelle lying,

semi-conscious, in the hallway. She had suffered blunt force injuries to her face and head and her left ring finger had been severed. Her bedroom appeared to have been ransacked. Police arrested Hood, noting no signs of forced entry to the house.

Near where Ms. Chapelle was discovered, police observed a pair of scissors and a purse with a torn shoulder strap. Police later found a bloody butcher knife on a chair near the front door where they had first observed Hood. Ms. Chapelle's nephew found two rings that Ms. Chappelle ordinarily wore sitting on top of the refrigerator. The knife, scissors, rings and Hood's clothing were submitted for serologic, hair and fiber analysis, but not DNA testing, which was not available at that time. The purse and a pipe wrench which was recovered two months after the attack were not submitted because no blood was discovered on them and due to the delay in recovering the pipe wrench, it was likely unsuitable for testing.

At trial, Hood did not testify and presented no material evidence. Hood's attorney argued that he entered the house to defend Ms. Chappelle after hearing her cries for help and that she had been attacked by an unidentified assailant. The United States Court of Appeals for the District of Columbia affirmed the convictions on direct appeal.

On June 25, 1996, the trial court denied two motions to set aside or correct sentence pursuant to D.C. Code §23-110 based on claims that gory photographs of the victim were prejudicial and because two witnesses were excused from court and were not permitted to testify. The trial court noted that the admission of the photographs and their prejudice were thoroughly argued on appeal.

On July 16, 1999, the trial court denied a third D.C. Code §23-110 motion in which Hood claimed the arresting officers fabricated unspecified evidence and that DNA

>testing should have been done. The court found the allegations of fabricated evidence to be vague and conclusory. The court denied the second allegation because it is not the court's role to order DNA testing. It also denied claims that trial court abused its discretion by permitting the jury to hear highly prejudicial testimony from the police officer. The court again rejected previously decided claims concerning the introduction of photographs.
>
>While litigating Hood's September 25, 2002 motion pursuant to D.C. Code §23-110, which the trial court construed to be an IPA claim, the parties agreed to DNA testing of clothing and the knife. However, testing did not confirm a DNA profile from the samples obtained from those items. Over a year later, Hood filed another motion seeking additional DNA testing. He argued that the actual perpetrator of the crime could have deposited skin cells on items in evidence that had not yet been tested. The trial court denied the motion on the grounds that "trace skin cells" are not within the IPA's meaning of biological materials, and even if they were, further DNA testing would not establish Hood's claim of actual innocence. The District of Columbia Court of Appeals affirmed because even if trace skin cells of a third person were present on the items of evidence, the items were ordinary household items that Ms. Chappelle and others put to everyday use, and consequently, evidence that a third party touched them could not exonerate Hood.

See Hood v. United States, 28 A.3d 553 (D.C. 2011).

### III. Discussion

The D.C. Code spells out the procedure to challenge a D.C. Superior Court conviction or sentence. Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C.

- 5 -

Cir.), on reh'g, 159 F.3d 591 (D.C. Cir. 1998). Specifically, §23-110 provides the following remedy:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside or correct the sentence.

D.C. Code §23-110(a). Thus, prisoners serving sentences imposed by the D.C. Superior Court must file motions challenging their sentence in that court; federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D.C. Superior Court. Swain v. Pressley, 430 U.S. 372, 377-78 (1977). D.C. Code §23-110 also includes exclusivity language that renders the writ of habeas corpus unavailable to District of Columbia offenders unless their local remedy is inadequate or ineffective.[1] See D.C. Code §23-110(g); Garris v. Lindsay, 794

---

[1] That provision states as follows:
> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the
*(footnote continued on next page)*

F.2d 722, 726 (D.C. Cir. 1986) (per curiam) ("[A] District of Columbia prisoner has no recourse to a federal judicial form unless the local remedy is "inadequate or ineffective to test the legality of his detention.' ") (internal citations omitted); see also Austin v. Miner, 235 F. App'x 48, 50 (3d Cir. 2007) (nonprecedential) (unless petitioner proves D.C. Code §23-110 inadequate or ineffective, federal courts lack jurisdiction to entertain habeas corpus petition filed by D.C. offenders). D.C. Code §23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to §23-110(a)." Williams v. Martinez, 586 F.3d 995, 998 (D.C. Cir. 2009).

A "determination as to whether the remedy available to a prisoner under §23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas relief: 28 U.S.C. §2255 and D.C. Code §23-110 are coextensive." Wilson v. Office of Chairperson, D.C. Bd. of Parole, 892 F. Supp. 277, 280 (D.D.C. 1995). The

---

Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g).

- 7 -

§23-110 remedy is not inadequate or ineffective merely because the court considered the claim and denied relief. Id. Likewise, it is not inadequate or ineffective to test the legality of his detention because it prevents petitioner from raising claims that are similar or identical to those raised and denied on the merits in a prior motion. See Graham v. United States, 895 A.2d 305, 306 (D.C. 2006). Legislative limitations placed upon post-conviction remedies do not render the remedy inadequate or ineffective to allow pursuit of a federal habeas corpus petition, In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris, 794 F.2d at 727.

Hood has not shown the inadequacy or ineffectiveness of the remedy under D.C. Code §23-110. The language of D.C. Code § 23-110(g) is clear. This court lacks jurisdiction to entertain claims that were, or could be, presented to the D.C. Superior Court on a §23-110(a) motion, unless Hood shows the ineffectiveness or inadequacy of the remedy to test the legality of his conviction. Hood's argument that his multiple efforts to challenge his conviction via §23-110 have been unsuccessful does not make that remedy inadequate or ineffective. Wilson, 892 F. Supp. at 280. Thus, Hood presents no facts suggesting that the remedy afforded him via §23-110 is unavailable, inadequate or ineffective to address the claims raised in his present petition.

Absent such a showing, this court lacks jurisdiction to hear Hood's §2241 petition to test the validity of his conviction.

III. **Conclusion**

Because Hood is a D.C. offender, and has failed to demonstrate that the remedy provided by the D.C. Code is inadequate or ineffective to test the legality of his conviction, this Court lacks jurisdiction over his claims and his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed.

A separate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED:   December 9, 2020**
18-1807-01